```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NOEL LABOY,
                                                              MEMORANDUM
                       Plaintiff,                             AND ORDER
           -against-                                          21 CV 2501 (NRM)(RML)

QUALITY AUTOMOTIVE SERVICES, INC.,
ROSEANNE BENJAMIN, ANTHONY
ALFARO, and HRATCH KETCHELIAN,

                       Defendants.
-----------------------------------------------------------X
```
LEVY, United States Magistrate Judge:

  Plaintiff Noel Laboy ("plaintiff") moves for attorney's fees pursuant to the court's Memorandum and Order imposing sanctions against defendants for their noncompliance with discovery obligations. For the reasons stated below, plaintiff's motion is granted, but the request to impose joint and several liability is denied.

### BACKGROUND

  Plaintiff commenced this wage and hour action on May 5, 2021 against defendants Quality Automotive Services, Inc., Roseanne Benjamin, Anthony Alfaro, and Hratch Ketchelian ("defendants"), asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law ("NYLL"), §§ 190, *et seq.* (Complaint, filed May 5, 2021, Dkt. No. 1.) I assume familiarity with the procedural and factual history of this matter and instead discuss only the facts relevant to the instant motion for attorney's fees.

  On November 28, 2022, the court held an in-person conference with the parties to discuss plaintiff's third motion for sanctions. The topics discussed at the conference included the scope of defendants' noncompliance with previous court orders, remaining discovery issues, and the nature of the sanctions that the court could fashion to facilitate defendants' compliance. (See

Fourth Motion for Sanctions, filed Dec. 7, 2022 ("Mot. for Sanctions"), Dkt. No. 21, at 2.) Among the issues discussed was plaintiff's concern that each time defendants provide any documents or information, under the threat of sanctions, plaintiff learns that a previously undisclosed or unproduced category of documents or information exists. (Id.) For example, at the November 28 conference, defendants first revealed that they were in possession of additional dispatch log slips and payroll records that had not yet been produced. (Id.)

To address plaintiff's concerns, the court directed defendants to produce, by December 2, 2022, all outstanding responsive documents in their possession and, in the event that a certain document was not produced, to provide a supplemental response verifying, under oath, the reason the document was not timely produced. (Id.; see also Minute Entry, dated Nov. 29, 2022.) The court also directed defendants to produce verified responses to plaintiff's First Set of Interrogatories, to which defendants had not responded despite having been served more than eight months prior, also by December 2, 2022. (Mot. for Sanctions at 2; Minute Entry, dated Nov. 29, 2022.) The court concluded the hearing by indicating that plaintiff would be awarded expenses and exploring the feasibility of imposing a sanction precluding defendants from asserting certain defenses to attempt to obtain defendants' compliance with their discovery obligations and remedy the harms caused to plaintiff. (Mot. for Sanctions at 2.)

Nevertheless, defendants failed to produce any additional documents, supplemental responses to plaintiff's document demands, or dispatch sheets, and did not confirm the existence or absence of payroll records in their interrogatory responses by the December 2 deadline. (Id. at 3-4.) On December 7, 2022, plaintiff filed a fourth motion for sanctions as a result of defendants' noncompliance with the court's order. (See generally Mot. for Sanctions.) On June 20, 2023, the court granted plaintiff's motion, imposing monetary sanctions on

defendants and directing plaintiff to submit a request for attorney's fees and costs. (See Memorandum and Order, dated June 20, 2023, Dkt. No. 26.) Plaintiff filed the instant motion for attorney's fees on July 20, 2023. (Motion for Attorney Fees, dated July 20, 2023 ("Mot."), Dkt. No. 28.) Plaintiff requests an award of $20,353 in attorney's fees against defendants, their former counsel – John F. Lagan, Esq., and the Law Offices of John F. Lagan. (Id. at 3.) To date, plaintiff's motion remains unopposed. (See Letter re: Defendants' Non-Opposition to Plaintiff's Application for Attorney's Fees and Fifth Motion for Sanctions, dated Nov. 20, 2023, Dkt. No. 37.)

## DISCUSSION

Under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, the court may "impose on a party who has failed to obey a discovery order a 'just' sanction." Chevron Corp. v. Donziger, 833 F.3d 74, 147 (2d Cir. 2016). Rule 37(b)(2)(C) provides that "[i]nstead of or in addition to" the sanctions listed in Rule 37(b)(2)(A), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C). As discussed in greater detail in the Order issued on June 20, 2023, I have found that plaintiff is entitled to reasonable expenses incurred as a result of defendants' noncompliance with discovery obligations. (See generally Memorandum and Order.)

Courts in this Circuit exercise their discretion to determine the reasonableness of attorney's fees using the "presumptively reasonable fee" standard. Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 183, 190 (2d Cir. 2008); see also Doe 1 v. E. Side Club, LLC., No. 18 CV 11324, 2023 WL 4174141, at *3-5 (S.D.N.Y. June 23, 2023)

(using presumptively reasonable fee approach to determine attorney's fees sanctions under Rule 37); Scelsi v. Habberstad Motorsport Inc., No. 19 CV 4315, 2021 WL 6065768, at *1 (E.D.N.Y. Dec. 22, 2021), aff'd, 2022 WL 2222900 (E.D.N.Y. June 21, 2022) (applying lodestar method to determine fees on sanctions motion); Hunter v. City of New York, No. 12 CV 6139, 2021 WL 4942769, at *4 (E.D.N.Y. Oct. 22, 2021) (same).  The presumptively reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case."  Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011).  As a threshold matter, the party seeking fees must provide accurate, detailed and contemporaneous attorney time records.  See Scott v. City of New York, 643 F.3d 56, 58-59 (2d Cir. 2011) (per curiam).  Plaintiff has satisfied this requirement.  (See Time Records, attached as Ex. 2 to the Mot., Dkt. No. 28-2.)

## I.     Reasonable Hourly Rate

The court next assesses whether plaintiff's counsel requests a reasonable hourly rate.  Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994).  A reasonable hourly rate is "the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively."  Arbor Hill, 522 F.3d at 190.  Reasonable hourly rates should be based on "rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation."  Cruz v. Loc. Union No. 3 of IBEW, 34 F.3d 1148, 1159 (2d Cir. 1994) (citation omitted).  A judge may determine prevailing rates based on evidence presented, knowledge of rates charged in the community, and "the nature of representation and type of work involved in a case."  Arbor Hill, 522 F.3d at 184 n.2; see Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1059 (2d Cir. 1989).

Plaintiff seeks an award of $20,353 for work performed "exclusively as a result of Defendants' sanctionable conduct." (See Mot. at 2-3.) The requested fees reflect the work of one attorney. (See id. at 2; Time Records.) Plaintiff's counsel requests an hourly rate of $350 for the services of Justin Ames, a senior associate at Akin Law Group PLLC who has been practicing law since 2014 and serves as lead trial attorney in this matter. (See Mot. at 2; see also Declaration of Counsel in Support of Plaintiff's Application for his Reasonable Fees and Costs, dated July 20, 2023 ("Ames Decl."), Dkt. No. 28-1, ¶¶ 1, 2.) Additionally, counsel requests an hourly rate of $175 for time spent traveling. (Ames Decl. ¶ 11.) "Courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff in FLSA cases." Diaz v. Rene French Cleaners, Inc., No. 20 CV 3848, 2022 WL 4646866, at *13 (E.D.N.Y. Aug. 29, 2022), report and recommendation adopted, 2022 WL 4662247 (E.D.N.Y. Sept. 30, 2022) (collecting cases) (quotation marks and citations omitted); see also Capax Discovery, Inc. v. AEP RSD Invs., LLC, No. 17 CV 500, 2023 WL 140528, at *8 (W.D.N.Y. Jan. 10, 2023) ("travel time is typically compensated at half the normal rate in the Second Circuit.") (collecting cases).

Plaintiff acknowledges that he requests a rate that "slightly exceeds the current $325.00 hourly rate routinely deemed reasonable and awarded to senior associates litigating FLSA actions in this District" but contends that the requested hourly rate of $350 is justified because (1) plaintiff achieved a highly successful outcome due to the work performed in that the applicable legal work performed by counsel resulted in the sanctions order issued in June 2023; (2) the compensable work performed in this case was more complex than usual; and (3) for the past several years, the hourly rates deemed reasonable by courts in this District have not

5

appreciated commensurate with external factors, such as inflation. (Mot. at 2.) Plaintiff notes that the $325 hourly rate routinely awarded by courts in this District to senior associates has typically involved straightforward, unopposed motions for default judgment and argues that the complexity and degree of success achieved by counsel here merits a greater hourly rate. (Id.) Furthermore, plaintiff maintains that extrinsic considerations, primarily inflation, warrant granting the marginally higher hourly rate. (Id.)

Plaintiff asserts that "[f]ive years ago, the Court described the top-end of awarded hourly fee rates for prevailing plaintiff's counsel in in FLSA cases brought in this District—then at $300.00 for associates—as 'stagnant'." (Id. (quoting Sajvin v. Singh Farm Corp., No. 17 CV 4032, 2018 U.S. Dist. LEXIS 137485, at *25 (E.D.N.Y. Aug. 13, 2018) (noting that hourly rates had remained the same "since at least 2013")).) Using the CPI Inflation Calculator, plaintiff indicates that, due to inflation, $300 in August 2018 amounts to $361.01 in June 2023. (Id. at 3); see also CPI Inflation Calculator, https://perma.cc/CB37-7ALE (retrieved Jan. 15, 2024). "[T]he Court has held that an increase of attorney's fees rates may be warranted with the passage of time." Ryeco, LLC v. Legend Produce Inc., No. 20 CV 4044, 2021 WL 2742873, at *10 (E.D.N.Y. May 24, 2021), report and recommendation adopted, 2021 WL 2741605 (E.D.N.Y. July 1, 2021). Taking into consideration counsel's success on the motion for sanctions, the relatively complex nature of the work performed, counsel's experience litigating wage-and-hour and matters, and inflation, I find that $350 per hour is a reasonable rate for Mr. Ames. See, e.g., Lei v. A & C Seafood Int'l Grp. Corp., No. 21 CV 3471, 2023 WL 8828839, at *3 (E.D.N.Y. Dec. 21, 2023) (approving hourly rate of $375 for senior associate with considerable experience with FLSA litigation).

## II. Reasonableness of Hours Billed

The court next looks to the reasonableness of the number of hours billed. To determine the reasonableness of the hours spent on the litigation, the court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." Maldonado v. La Nueva Rampa, Inc., No. 10 CV 8195, 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012) (quoting Lunday, 42 F.3d at 134). The "critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" Id. (quoting Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992)). Here, plaintiff's counsel seeks compensation for 58.4 hours of work necessitated by defendants' failure to comply with multiple court orders. (See Time Records; Ames Decl. ¶ 12; Mot. at 1.) Having reviewed the submitted time records, I find the total of 58.4 hours to be reasonable for time spent in connection with defendants' sanctionable conduct. See, e.g., Scelsi, 2021 WL 6065768, at *7 (finding 34.35 hours to be reasonable related to one motion for sanctions and fees in employment case); Hunter, 2021 WL 4942769, at *5 (E.D.N.Y. Oct. 22, 2021) (finding approximately 200 hours to be reasonable in motion for fees as monetary sanctions).

## III. Joint and Several Liability

Finally, plaintiff requests that the court impose monetary sanctions jointly and severally on defendants, their former attorney Mr. Lagan, and the Law Offices of John F. Lagan. (Mot. at 3.) "Sanctions imposed pursuant to . . . Rule 37(a) may be imposed upon either the attorney or the party or both[.]" Imperial Chem. Indus., PLC v. Barr Labs., Inc., 126 F.R.D. 467, 473 (S.D.N.Y. 1989). Plaintiff contends that defendants' noncompliance with their discovery obligations, as described in the Order issued in June 2023, identifies conduct attributable to both defendants and their counsel. (Mot. at 3.) Specifically, plaintiff argues that because defendants

7

and counsel were present during the conference held on November 28, 2022, during which the court detailed defendants' discovery obligations and the potential consequences of noncompliance, defendants and their former counsel should bear responsibility for the violations of Rule 37. (Id.)

Neither defendants nor Mr. Lagan oppose the instant motion; however, Mr. Lagan was permitted to withdraw from representing defendants on October 11, 2023 due to a deterioration in the attorney-client relationship and no longer represents any party in this matter. (See First Motion to Seal Document, dated Oct. 10, 2023, Dkt. No. 33; Order, dated Oct. 11, 2023.) Furthermore, there is no evidence in the record that Mr. Lagan impeded the production of any discovery either by neglect or by design. "While the case law makes clear that joint and several sanctions against parties and their attorneys are available when the court finds both to be equally at fault, the court has wide discretion to consider the entire record before it when selecting the appropriate sanction." Lan v. Time Warner, Inc., No. 11 CV 2870, 2016 WL 928731, at *2 (S.D.N.Y. Feb. 9, 2016) (quoting Hunt v. Enzo Biochem, Inc., No. 06 CV 170, 2011 WL 4840713, at *7 (S.D.N.Y. Oct. 12, 2011)); see also Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 527 (2d Cir. 1990) ("In holding [plaintiff] and [plaintiff's counsel] *jointly and severally* liable for the monetary sanction, the district court (and the magistrate) determined that [plaintiff] and its counsel were each equally responsible for the failure to comply with discovery requests and court orders. The record fully supports that determination.") (emphasis in original).

I find that holding Mr. Lagan and his law office jointly and severally liable is not justified in this instance. See, e.g., U.S. ex rel. Kirk v. Schindler Elevator Corp., No. 05 CV 2917, 2014 WL 1259559, at *3 (S.D.N.Y. Mar. 17, 2014) (declining to extend joint and several

8

liability to attorneys where the court found no basis to conclude that any attorney advised or condoned their clients' violations of discovery obligations); AAIpharma Inc. v. Kremers Urb. Dev. Co., No. 02 CV 9628, 2006 WL 3096026, at *6 (S.D.N.Y. Oct. 31, 2006) (finding that holding counsel liable for sanctions was not justified because the court did not find a "coordinated effort" between client and counsel requiring joint and several liability); Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union, No. 00 CV 3613, 2004 WL 1943099, at *25 (S.D.N.Y. Aug. 27, 2004) ("where, as here, the sanctionable conduct is a 'coordinated effort' of counsel and party, joint and several liability is appropriate.") Accordingly, plaintiff's request for the court to impose monetary sanctions jointly and severally on defendants, their former attorney Mr. Lagan, and the Law Offices of John F. Lagan is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's unopposed motion for $20,353 in attorney's fees against defendants is granted. The request to hold Mr. Lagan and the Law Offices of John F. Lagan jointly and severally liable is denied.

SO ORDERED.

        /s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      February 7, 2024

9