UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NOEL LABOY,

                        Plaintiff,

   -against-

QUALITY AUTOMOTIVE SERVICES, INC.,
ROSEANNE BENJAMIN, ANTHONY
ALFARO, and HRATCH KETCHELIAN,

                        Defendants.
------------------------------------------------------------X

REPORT AND
RECOMMENDATION
21 CV 2501 (NRM)(RML)

LEVY, United States Magistrate Judge:

        Plaintiff Noel Laboy ("plaintiff") moves for the imposition of terminating sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. For the reasons stated below, I respectfully recommend that plaintiff's motion be granted, except as to defendant Hratch Ketchelian.

## BACKGROUND

        Plaintiff commenced this wage and hour action on May 5, 2021 against defendants Quality Automotive Services, Inc. ("Quality"), Roseanne Benjamin, Anthony Alfaro, and Hratch Ketchelian ("defendants"), asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law ("NYLL"), §§ 190, *et seq*. (Complaint, filed May 5, 2021, Dkt. No. 1.) I assume familiarity with the procedural and factual history of this matter and instead discuss only the facts relevant to the instant motion for sanctions.[1]

---

[1] In the interest of brevity, the facts related to plaintiff's first, second, third, and fourth motions for sanctions are not restated here. Those facts are set forth in detail in the Memorandum and Order issued in June 2023. (See Memorandum and Order, dated June 20, 2023, Dkt. No. 26.)

On December 7, 2022, plaintiff filed a fourth motion for sanctions as a result of defendants' noncompliance with the court's order. (Fourth Motion for Sanctions, dated Dec. 7, 2022, Dkt. No. 21.) On June 20, 2023, the court granted plaintiff's motion, imposing monetary sanctions on defendants and directing plaintiff to submit a request for attorney's fees and costs. (See Memorandum and Order, dated June 20, 2023 ("M&O"), Dkt. No. 26.) In addition to awarding monetary sanctions, the court directed defendants to produce payroll records or submit an affidavit stating that no payroll records exist, and to produce tow records, Bates-stamped, with an itemized list setting forth the documents responsive to each of plaintiff's requests, within thirty days. (Id. at 15.)

The court then held a conference with the parties on September 18, 2023, during which plaintiff complained that recent filings in Rodriguez v. Quality Auto. Servs., Inc.[2] demonstrated that defendants failed to produce tax filings and other payroll records relevant to this matter and in their possession. (See Minute Entry, dated Sept. 18, 2023.) The parties were directed to meet and confer and file a joint status report by September 20, 2023. (Id.; see also Status Report Order, dated Sept. 18, 2023.) According to the parties' status report, defendants produced approximately 3,285 pages of documents related to tow job dispatch records for the period July 17, 2014 through March 20, 2020. (Status Report, dated Sept. 20, 2023, Dkt. No. 30.) Additionally, defendants produced approximately 892 pages of typewritten and annotated weekly scheduling including daily sheets noting each employee's time-in and time-out for the

---

[2] In the Rodriguez action, the plaintiff, another tow truck driver formerly employed by defendants, asserted similar FLSA and NYLL claims as those asserted by plaintiff in this action. On September 21, 2023, Judge Gonzalez adopted in full the Report and Recommendation of Magistrate Judge Henry imposing the entry of a default judgment as a sanction against defendants pursuant to Rule 37 because of defendants' discovery noncompliance issues similar to those demonstrated in this action. No. 21 CV 410, 2023 WL 6157320, at *1 (E.D.N.Y. Sept. 21, 2023).

2

period May 7, 2015 through October 1, 2020. (Id.) Defendants also indicated that they would produce another set of handwritten "off-the-books" weekly schedules, identified and demanded by plaintiff's counsel during the September 18 conference, by September 22, 2023. (Id.) Furthermore, defendants indicated that they had produced quarterly payroll summaries and plaintiff's IRS Form W-2s for the years 2014 through 2020. (Id.)

Although defendant Benjamin had previously provided an affidavit maintaining that no further payroll records existed, plaintiff identified to defendants' counsel payroll records that existed in defendants' possession and were not produced. (Id.; see also Affidavit of Roseanne Benjamin, attached as Ex. 5 to the Mot., dated July 21, 2023, Dkt. No. 31-5.) On September 19, 2023, defendants produced those additional payroll summaries for plaintiff. (Id.) Finally, in addition to producing documents that defendants swore did not exist well after the deadline imposed by the court, the parties reported that defendants had still not produced all documents plaintiffs knew or had reason to know were in defendants' possession. (Id.) As a result, plaintiff filed the instant motion requesting the imposition of terminating sanctions, entering a default judgment against defendants, scheduling this matter for an inquest as to plaintiff's damages, and awarding attorney's fees and costs to plaintiff. (See Fifth Motion for Sanctions, dated Sept. 24, 2023, ("Mot."), Dkt. No. 31.) To date, plaintiff's fifth motion for sanctions remains unopposed. (See Letter re: Defendants' Non-Opposition to Plaintiff's Application for Attorney's Fees and Fifth Motion for Sanctions, dated Nov. 20, 2023 ("Pl.'s Letter"), Dkt. No. 37.)[3]

---

[3] Defendants' attorney John F. Lagan was permitted to withdraw from representing defendants on October 11, 2023, after the instant motion for sanctions was filed. (See Order, dated Oct. 11, 2023.) Defendants Alfaro and Ketchelian have proceeded with the action *pro se*, while Quality and defendant Benjamin are represented by attorney Cynthia Ann Augello. (See Notice of
(Continued . . .)

## LEGAL STANDARD

If a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders[,]" including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A). "Discovery sanctions under Federal Rule 37 are deterrents (specific and general) meant to punish a recalcitrant or evasive party." In re Gravel, 6 F.4th 503, 515 (2d Cir. 2021) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)).

"[D]istrict courts possess 'wide discretion' in imposing sanctions under Rule 37." Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 135 (2d Cir. 2007) (quoting Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991)). "In imposing Rule 37 sanctions, courts properly consider various factors, including (1) the willfulness of the non-

---

Appearance by Cynthia Ann Augello, filed Dec. 18, 2023, Dkt. No. 42.) Defendants Ketchelian and Alfaro have filed amended answers. (See Amended Answer of Hratch Ketchelian, filed Nov. 9, 2023 ("Ketchelian Answer"), Dkt. No. 34; First Amended Answer of Anthony Alfaro, filed Jan. 27, 2024 ("Alfaro Answer"), Dkt. No. 44.) Nevertheless, no defendant has filed an opposition to plaintiff's fifth motion for sanctions. "[W]hile *pro se* litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including *pro ses*, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988); see also Davidson v. Goord, 215 F.R.D. 73, 77 (W.D.N.Y. 2003) ("[W]hile *pro se* litigants are entitled to some leeway in complying with the Federal Rules of Civil Procedure, such tolerance does not extend to unexcused failures to comply with routine discovery requests").

4

compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non–compliant party had been warned of the consequences of noncompliance." Funk v. Belneftekhim, 861 F.3d 354, 366 (2d Cir. 2017) (cleaned up). "No single factor controls, and it is not an abuse of discretion for a district court to order a dispositive sanction even when not every factor weighs against the party to be sanctioned." Aristidou v. Aviation Port Servs., LLC, No. 18 CV 4040, 2020 WL 10317398, at *12 (E.D.N.Y. Feb. 21, 2020) (citing S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 144, 147049 (2d Cir. 2010)). "For less severe sanctions, such as fines and cost-shifting, the Court's inquiry focuses mainly on the misconduct of the responding party; for more severe sanctions, such as dismissal, preclusion[,] or the imposition of an adverse inference, the court must also assess whether the requesting party suffered prejudice as a result of the loss or withholding of evidence." Nycomed U.S. Inc. v. Glenmark Generics Ltd., No. 08 CV 5023, 2010 WL 3173785, at *3 (E.D.N.Y. Aug. 11, 2010).

### DISCUSSION

1. <u>Willfulness of the Noncompliance</u>

"Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." Thompson v. Jamaica Hosp. Med. Ctr., No. 13 CV 1896, 2015 WL 7430806, at *3 (S.D.N.Y. Nov. 20, 2015) (citations omitted). "Willful non-compliance is routinely found, for instance, where a party has 'repeatedly failed to . . . produce documents . . . in violation of the district court's orders.'" Farmer v. Hyde Your Eyes Optical, Inc., No. 13 CV 6653, 2015 WL 2250592, at *7 (S.D.N.Y. May 13, 2015) (quoting Doe v. Delta Airlines, No. 13 CV 6287, 2015 WL 798031, at *8 (S.D.N.Y. Feb. 25,

5

2015)); accord Grammar v. Sharinn & Lipshie, P.C., No. 14 CV 6774, 2016 WL 525478, at *3 (S.D.N.Y. Feb. 8, 2016) (failure to comply with two orders, without an explanation for the delinquency, was a sufficient basis for a finding of willfulness "[g]iven the clarity and simplicity of the Court's orders and the absence of any indication that defendant's noncompliance is the result of factors beyond its control").

The court previously concluded that defendants' conduct constituted willful noncompliance. (See M&O at 11.) Although some discovery has been produced, it does not appear that defendants' conduct has much improved since plaintiff's fourth motion for sanctions was filed. According to plaintiff, defendants have continued to fail to produce discoverable materials in this action, including (1) plaintiff's paystubs, (2) handwritten "off-the-books" work schedules that defendants indicated would be produced by September 22, 2023, (3) printed schedules from 2014, (4) documents related to defendant Alfaro's employment, office lease, relationship to Quality, or status as plaintiff's supervisor, or (5) certain categories of defendants' communications relevant to this action as demanded by plaintiff. (See Mot. at 5-6.) Furthermore, plaintiff indicates that defendants submitted a false, sworn affidavit attesting that no further payroll records existed – evidenced by the subsequent production of those records. (Id. at 3.)

"[W]here there is a continuing saga of dilatory conduct, entering a default judgment under Fed. R. Civ. P. 37(b) is appropriate." In re Robinson, No. 17 CV 10275, 2019 WL 2342324, at *3 (Bankr. S.D.N.Y. May 31, 2019) (internal quotation marks and citation omitted). Therefore, I find that this factor weighs in favor of imposing terminating sanctions. See Rodriguez v. Quality Auto. Servs., Inc., No. 21 CV 410, 2023 WL 5621031, at *4 (E.D.N.Y. Aug. 31, 2023) (finding that defendants' conduct supported a finding that they acted willfully in

6

their noncompliance and that this factor supported the imposition of dispositive sanctions); Aristidou, 2020 WL 10317398, at *13 ("[g]iven the repeated violations and examples of noncompliance with this Court's Orders, the element of willfulness has clearly been established.").

2. Efficacy of Lesser Sanctions

A court "should always seek to impose the least harsh sanction that will remedy the discovery violation and deter such conduct in the future." Grammar, 2016 WL 525478, at *3 (citing Hawley v. Mphasis Corp., 302 F.R.D. 37, 46 (S.D.N.Y. 2014)). "[T]he range of sanctions, from the least harsh to the harshest, include further discovery, cost-shifting, fines, special jury instructions, preclusion, entry of default judgment, and dismissal." In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., 341 F.R.D. 474, 497 (S.D.N.Y. 2022) (quoting Slovin v. Target Corp., No. 12 CV 863, 2013 WL 840865, at *6 (S.D.N.Y. Mar. 7, 2013)). Striking pleadings and imposing a default judgment are "the most severe sanction[s]" that Rule 37(b) provides, "because [they] terminate" the action. Mason Tenders Dist. Council Welfare Fund v. Precise Brick, Inc., No. 08 CV 8373, 2009 WL 1675399, at *1 (S.D.N.Y. June 15, 2009). While the Second Circuit has "expressed a preference for resolving disputes on the merits rather than by default," it has also "consistently recognized that Rule 37 sanctions are applicable in 'extreme circumstances,' where 'a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault.'" Robertson v. Dowbenko, 443 F. App'x 659, 660 (2d Cir. 2011) (quoting John B. Hull, Inc. v. Waterbury Petrol. Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988)).

Monetary and preclusive sanctions were previously imposed by this court. (See M&O at 13-14.) These lesser sanctions have failed to deter defendants' noncompliance with

7

discovery obligations. Moreover, there are no additional lesser sanctions that could be imposed. This factor weighs in favor of imposing terminating sanctions.

    a. Prejudice

Plaintiff has been substantially prejudiced by defendants' failure to comply with court orders. Klipsch Grp., Inc. v. ePRO E-Com. Ltd., 880 F.3d 620, 631 (2d Cir. 2018) ("noncompliance vastly increases the cost of litigation by drawing out deadlines and necessitating motion practice."). As a direct result of defendants' continued violation of discovery obligations, plaintiff has incurred unnecessary attorney's fees and discovery costs related to his now five motions for sanctions. Plaintiff has also been deprived of evidence relevant to his claims. S. New England Tel. Co., 624 F.3d at 148 ("[E]ven the simple failure to produce evidence in a timely manner in and of itself can support an inference that the evidence withheld would be unfavorable to the noncompliant party."). Defendants' similar conduct in Rodriguez was found to constitute "the sort of 'extreme situation' that warrants terminating sanctions." 2023 WL 5621031, at *4 (quoting Guggenheim Cap., LLC v. Birnbaum, 722 F.3d 444, 450 (2d Cir. 2013)). This factor weighs heavily in favor of terminating sanctions.

3. Duration of Noncompliance

Courts "have found noncompliance for a period of several months sufficient to warrant dismissal or default." Urbont v. Sony Music Entm't, No. 11 CV 4516, 2014 WL 6433347, at *3 (S.D.N.Y. Nov. 6, 2014) (granting default sanctions where defendant failed to participate in discovery for over a year and had made no contact with counsel or the court for over six months). Defendants' failure to comply with this court's orders for over a year weighs in favor of imposing terminating sanctions.

8

4. Notice

"Courts are generally hesitant to impose terminating sanctions before warning the offending litigant." Grammar, 2016 WL 525478, at *4 (citation omitted). Defendants have received ample warning that failure to fully comply with the court's orders, without good cause, will result in a recommendation that terminating sanctions be imposed. (See, e.g., Minute Entries, dated Sept. 20, 2022 and Oct. 19, 2022.) This factor weighs towards imposing terminating sanctions.

5. Default Judgment & Damages

I find that "rendering a default judgment against the disobedient party" is the most effective response to defendants' continued conduct. FED. R. CIV. P. 37(b)(2)(A)(vi). However, "[t]he court must be satisfied that Plaintiff has met the burden of proving damages to the court with reasonable certainty." Balhetchet v. Su Caso Mktg., Inc., No. 19 CV 4475, 2020 WL 4738242, at *3 (E.D.N.Y. Aug. 14, 2020) (cleaned up). To "enter or effectuate judgment," the court is empowered to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. FED. R. CIV. P. 55(b)(2). Accordingly, I respectfully recommend that plaintiff be granted leave to seek damages, including attorney's fees, and that an inquest hearing be scheduled.

**CONCLUSION**

For the reasons explained above, I respectfully recommend that plaintiff's unopposed motion for terminating sanctions be granted and that default judgment be entered against all defendants, except for defendant Ketchelian.[4] I further recommend scheduling this matter for an inquest as to plaintiff's damages, including attorney's fees and costs. Any objection to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days. Failure to file objections within the specified time period waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b), 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
February 7, 2024

---

[4] Defendant Ketchelian denies that he was ever a co-owner or operator of Quality. (See Ketchelian Answer ¶ 1.) Defendant Alfaro has also identified Ketchelian as "just a tow truck mechanic for Quality tow trucks." (Alfaro Answer ¶ 2.) Additionally, Ketchelian contends that he never retained Mr. Lagan to represent him and was unaware of what was happening in this litigation. (See Letter, filed Nov. 28, 2023, Dkt. No. 40; Letter, filed Dec. 4, 2023, Dkt. No. 41.) Plaintiff was directed to meet with Ketchelian and discuss any evidence in his possession demonstrating that he was not a manager for the purposes of the FLSA. (See Minute Entry, dated Dec. 11, 2023.) It is unclear whether this meeting has taken place. Finally, a motion to dismiss Ketchelian's amended answer is currently pending. (See Motion to Strike Amended Answer to the Complaint, dated Jan. 4, 2024, Dkt. No. 43.) On January 29, 2024, Ketchelian requested an extension of time to respond to plaintiff's motion to strike his amended answer and indicated that he has consulted with the Federal Pro Se Legal Assistance Project to understand his obligations and that English is not his dominant language. (Letter Motion for Extension of Time to File, dated Jan. 29, 2024, Dkt. No. 46.) That request was granted on January 30, 2024. (See Order, filed Jan. 30, 2024.) For these reasons, I respectfully recommend that plaintiff's motion for terminating sanctions be denied against defendant Ketchelian pending resolution of the motion to strike his amended answer or report of the meeting discussing whether evidence demonstrates that Ketchelian was not a manager of Quality for the purposes of the FLSA.