UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Noel Laboy,

                Plaintiff,

    v.

Quality Automotive Services, Inc., Roseanne Benjamin, Anthony Alfaro, Hratch Ketchelian,

                Defendants.

21-cv-02501 (NRM) (RML)

**MEMORANDUM AND ORDER**

NINA R. MORRISON, United States District Judge:

On February 7, 2024, the Honorable Robert M. Levy issued a Report and Recommendation ("R&R") recommending that the Court impose terminating sanctions against Defendants Quality Automotive Services, Inc., Roseanne Benjamin, and Anthony Alfaro, for their discovery misconduct in this case. R&R, ECF No. 48. Defendant Alfaro filed objections to the R&R on April 13, 2024. Objs., ECF No. 59. For the reasons to follow, the Court adopts the R&R in full.

## BACKGROUND

On May 5, 2021, Plaintiff Noel Laboy filed this action against his former employer, Quality Automotive Services, Inc. ("Quality"), and individual defendants Roseanne Benjamin, Anthony Alfaro, and Hratch Ketchelian, who he alleges are co-owners and operators of Quality. Am. Compl. at ¶ 2, ECF No. 11. Laboy alleges violations of the Fair Labor Standards Act and New York City and State labor and human rights laws. *Id.* at ¶¶ 135–181. From the inception of the case until October

1

11, 2023, Defendants were represented by attorney John F. Lagan. *See* Answer, ECF No. 7; Order dated Oct. 11, 2023.

During this litigation, Laboy brought numerous motions for sanctions against Defendants for their failure to comply with their discovery obligations. After each of Laboy's first two sanctions motions, the Honorable Robert M. Levy held conferences wherein he warned Defendants that failure to fulfill their discovery obligations would result in sanctions. *See* First Mot. for Sanctions, ECF No. 17; Minute Entry dated Sept. 20, 2022; Second Mot. for Sanctions, ECF No. 18; Minute Entry dated Oct. 19, 2022. After Laboy's third sanctions motion, Third Mot. for Sanctions, ECF No. 19, Judge Levy scheduled a hearing for November 28, 2022 and ordered all Defendants to appear in person, Order dated Nov. 16, 2022. Judge Levy again directed Defendants to comply with certain discovery obligations and directed Plaintiff to submit a request for attorney's fees and costs in connection with his sanctions request following a review of Defendants' production. Minute Entry dated Nov. 29, 2022.

On December 7, 2022, Laboy filed a fourth motion for sanctions, alleging that Defendants did not meaningfully comply with the Court's directives issued during the November 28, 2022 hearing. Fourth Mot. for Sanctions, ECF No. 21. Judge Levy set a briefing schedule and heard argument on the motion. Minute Entry dated Dec. 27, 2022; Minute Entry dated Feb. 9, 2023. On June 20, 2023, Judge Levy then granted Laboy's motions for sanctions. First Sanctions Order, ECF No. 26. The Court directed Plaintiff's counsel to submit a request for attorney's fees and costs and directed Defendants to produce certain records. *Id*. at 15. Judge Levy warned

Defendants that if they failed to comply, they would be precluded from relying on those records "to dispute Plaintiff's claims and precluded from asserting arguments to rebut the hours that [P]laintiff claims he worked for [D]efendants." *Id.*

Laboy filed a motion for attorney's fees on July 20, 2023, and a fifth motion for sanctions on September 24, 2023. *See* Mot. for Att'y Fees, ECF No. 28; Fifth Mot. for Sanctions, ECF No. 31. The sanctions motion argued in part that Defendant Benjamin signed an affidavit stating that Defendants did not have payroll records for Plaintiff, which was proven false by Defendants' productions in another lawsuit. Fifth Mot. for Sanctions at 3–4. Also on September 24, John Lagan filed a motion to withdraw as attorney for Defendants, which the Court granted on October 11, 2023. Order dated Oct. 11, 2023. Defendants Quality and Benjamin retained Cynthia Ann Augello as their counsel, and Defendants Ketchelian and Alfaro are proceeding *pro se*. *See* Minute Entry dated Dec. 11, 2023, Notice of Appearance, ECF No. 42.

On February 7, 2024, Judge Levy granted Laboy's unopposed motion for $20,353 in attorney's fees but denied his request to hold Lagan jointly and severally liable because there was "no evidence in the record that Mr. Lagan impeded the production of any discovery either by neglect or by design." Order Granting Att'y Fees at 8, ECF No. 47.

That same day, Judge Levy issued an R&R recommending that Laboy's fifth motion for sanctions, which was also unopposed, be granted. R&R. Judge Levy recommended that default judgment be entered against all Defendants except Defendant Ketchelian and that an inquest as to Plaintiff's damages be scheduled. *Id.*

3

On February 21, Defendant Alfaro filed a motion for an extension of time to file objections to the R&R.  Mot. for Extension of Time, ECF No. 50.  The Court granted Alfaro's motion and set a new deadline of February 28, 2024, for Alfaro to file objections.  Order dated Feb. 22, 2024.  However, Alfaro did not file his objections until April 13, 2024.  Objs.  The Court directed Laboy to file any opposition to Alfaro's objections on or before June 24, 2024.  Order dated June 10, 2024.  Laboy filed an opposition to Alfaro's objections on June 13, 2024.  Opp'n to Objs., ECF No. 62.

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3).  Following the issuance of a R&R, the parties are given an opportunity to file written objections to the R&R.  *See* 28 U.S.C. § 636(b)(1)(C).  The district judge must evaluate de novo "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

However, "[t]he district court may adopt those portions of [an R&R] to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiMartino v. Berryhill*, 327 F. Supp. 3d 533, 535 (E.D.N.Y. 2018) (citations omitted).  Additionally, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the

4

Court will review the [R&R] strictly for clear error." *Id.* at 535–36 (citation omitted). Moreover, "when a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988)).

## **DISCUSSION**

In his objections, Alfaro does not substantively address Judge Levy's reasoning in the R&R. Rather, Alfaro argues that Lagan waived Alfaro's right to due process and "failed to serve responses to discovery and failed to respon[d] to unopposed motions and other orders of this Court," Objs. at 2, and that Alfaro did not disobey the Court's orders, *id.* at 3.[1]

The Court starts by assuming, without deciding, that de novo review applies to Judge Levy's decision to hold Alfaro liable for Lagan's alleged discovery misconduct. However, even under de novo review, the Court agrees that it is appropriate to hold Alfaro liable. The Court then reviews the remainder of the R&R for clear error and, finding none, adopts it in full.

---

[1] Alfaro also argues that the attorney who now represents Quality and Benjamin was going to represent him, but he is now proceeding *pro se*. Objs. at 3. However, the Court is unaware of the relevance of that argument to the R&R, so does not address it further.

5

### I. Alfaro's Liability for his Former Attorney's Conduct

Alfaro objects to the R&R because he alleges that Lagan, his former counsel, "failed to serve responses to discovery and failed to respon[d] to unopposed motions and other orders of this court." Objs. at 2. Alfaro further argues that he did not "disobey" the Court's orders; rather, he made sure that Lagan got "all the records possible at his office." *Id.* at 3. Because Alfaro did not previously make this point, Judge Levy did not address this argument in the R&R. Nevertheless, Alfaro appears to argue that the R&R was in error because it was Lagan that engaged in discovery misconduct, and Alfaro should not be held accountable for Lagan's acts.

Laboy contends that because Alfaro did not oppose the fifth sanctions motion and belatedly filed his objections, this argument is waived. Opp'n to Objs. at 8–9. In the alternative, Laboy appears to argue that the decision to hold Alfaro liable is only subject to clear error review. *Id.* at 10–13. Even assuming that Alfaro's argument is not waived and de novo review applies, the Court rejects Alfaro's argument that he cannot be subject to sanctions as a result of his counsel's misconduct in this litigation.

As an initial matter, Alfaro has not set forth any specific evidence indicating that it was Lagan, not Alfaro, who engaged in the discovery misconduct. Indeed, as Judge Levy noted in the decision granting Laboy attorney's fees, there is "no evidence in the record that Mr. Lagan impeded the production of any discovery either by neglect or by design." Order Granting Att'y Fees at 8. Nor has Alfaro, despite appearing at a sanctions-related conference with the Court in November 2022, *see* Minute Entry dated Nov. 29, 2022, given any indication throughout this litigation

6

that he was unhappy with Lagan's representation.

But even if the discovery misconduct is attributable to Lagan, the Supreme Court has rejected "the contention that dismissal of a petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client" because, in "our system of representative litigation, . . . each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962) (cleaned up). Accordingly, "[t]he acts and omissions of counsel are normally wholly attributable to the client and sanctions may be imposed against a party for her counsel's misconduct." *Perez v. Siragusa*, No. 05-CV-4873, 2008 WL 2704402, at \*4 (E.D.N.Y. July 3, 2008) (internal quotation marks and citation omitted). Indeed, the Second Circuit affirmed a district court's order granting default judgment as a sanction despite the litigant's attempt to "shift[] the blame to the incompetence of their trial counsel" because "[a] litigant chooses counsel at his peril." *Am. Cash Card Corp. v. AT&T Corp.*, 210 F.3d 354, 2000 WL 357670, at \*5 (2d Cir. 2000).

Therefore, even if it was Lagan that failed to comply with Defendants' discovery obligations, Alfaro is bound by Lagan's acts and can be sanctioned for them. In turn, sanctions for that misconduct may appropriately be imposed against Alfaro.

## II. Clear Error Review of Remainder of R&R

A court "may adopt those portions of the report and recommendation to which no specific written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or

7

contrary to law." *Mancuso v. Kijakazi*, No. 22-CV-5633, 2023 WL 6311289, at *1 (S.D.N.Y. Sept. 28, 2023) (cleaned up). Alfaro has not made any other "specific written objection" to the R&R, so the Court reviews it for clear error. *Id.*

The R&R applies the correct legal test for imposing sanctions under Rule 37 to the facts of this case. Accordingly, the R&R does not contain any factual or legal bases that are clearly erroneous or contrary to law. The Court adopts it in full.

## CONCLUSION

For the foregoing reasons, it is hereby ordered that the R&R is ADOPTED in its entirety. The Court enters default judgment as to all Defendants except Defendant Ketchelian. The Court respectfully refers the matter to Judge Levy to schedule an inquest as to Plaintiff's damages, including attorney's fees and costs.

SO ORDERED.

*/s/ NRM*
NINA R. MORRISON
United States District Judge

Dated: August 6, 2024
      Brooklyn, New York

8